UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND CALLUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUSTIN CAPITAL BANK,<br><br>　　　　Defendant. | No.  2:21-cv-01484-JAM-CKD PS<br><br><br><br>ORDER<br><br>(ECF No. 6) |

Presently before the court is a motion by defendant Austin Capital Bank ("ACB") to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6), or in the alternative for a more definite statement of the claim under Rule 12(e).[1]  (ECF No. 6.)  Plaintiff failed to file any opposition or statement of non-opposition, and the motion was taken under submission pursuant to Local Rule 230(c).  (ECF No. 8.)  For the following reasons, the undersigned GRANTS defendant's motion for a more definite statement, and grants plaintiff leave to amend.[2]

---

[1] Because plaintiff is self-represented, the case is referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C § 636 and Local Rule 302(c)(21).

[2] Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72, federal magistrate judges have authority to issue orders on certain "non-dispositive" matters.  A Rule 12(e) motion for a more definite statement is such a motion, as it does not dispose of any claim made by plaintiff.  See, e.g., O'Callaghan v. City of Portland, 2019 WL 8226176, *2 (D. Or., Sept. 24, 2019) (finding no consent necessary for magistrate judge to rule on motion for more definite statement) (citing Cheshire v. Bank of Am., NA, 351 F. App'x 386, 388 (11th Cir. 2009)); Simon

1

**BACKGROUND**

Plaintiff filed this complaint in state small claims court on July 15, 2021. (ECF No. 1.2, Complaint in Callum v. Austin Capital Bank SSB, No. VSC084793 (Cal. Sup. Ct., Solano County).) Using a standard two-page state small claims court form, plaintiff identified ACB—a bank in Texas—as the sole defendant, asserting that ACB owed him $5,000 "for Violating Predatory lending act, Truth in lending Act, and Equal credit Opportunity Act." (Id. at 4 (sic).) In the field for time period, plaintiff indicated that the violations occurred from January 1, through May 1, 2021. (Id.) In the field for explaining how he calculated the amount owed, plaintiff wrote "state & federal law requirements." (Id.) Further below, in answer to a subsequent damages question, plaintiff checked a box stating that his claim was not for more than $2,500. (Id. at 5.) Finally, plaintiff checked a box indicating that he was filing this claim in the Solano County courthouse because of where he "signed the contract, lives now, or lived when the contract was made." (Id.) That is the full extent of the factual allegations contained in the complaint.

On August 18, 2021, ACB removed the case to federal court based on federal question jurisdiction. (ECF No. 1 at 4.) On August 25, 2021, ACB filed the instant motion to dismiss under Rule 12(b)(6), or in the alternative for a more definite statement under Rule 12(e).³ (ECF No. 6.) The court invited plaintiff to file an amended complaint within 21 days of the motion, under Federal Rule of Civil Procedure 15(a)(1)(B); the court informed plaintiff that any opposition to defendant's motion was due by September 15, 2021. (ECF No. 8.) Plaintiff has filed neither an amended complaint nor any opposition to the instant motion.

////

---

v. Henning, 2015 WL 13763781 *1 (C.D. Cal. May 7, 2015) (noting then-district judge Tashima's description of motions for more definite statement as within the magistrate judge's purview under § 636).

³ The motion also contains references to Rule 12(b)(2) (governing motions to dismiss for lack of personal jurisdiction) and Rule 12(c) (governing motions for judgment on the pleadings), but defendant never substantively argues these as grounds for dismissal. (See ECF No. 6 at 1-2.) Accordingly, the court construes the motion as being brought exclusively under Rules 12(b)(6) and 12(e).

**LEGAL STANDARDS**

  **A. Rule 12(b)(6) Standard**

  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain a "short and plain statement" of the claim showing that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)).

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

  In considering a motion to dismiss for failure to state a claim, the court accepts as true all facts alleged in the complaint and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

  The court must liberally construe the pleading of a self-represented litigant to determine if it states a claim and, prior to dismissal, inform the plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them if it appears at all possible to do so. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

**B.     Rule 12(e) Standard**

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("[If a] pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (Rule 12(e) motions attack "the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a [responding] party is unable to determine how to frame a response to the issues raised by the complaint").

The court considers a Rule 12(e) motion in light of the liberal pleading standard set forth in Rule 8, described above. If the pleading "is specific enough to apprise the responding party of the substance of the claim that is being asserted," then the court should deny the motion. Rossy v. City of Bishop, 2018 WL 1605691, at *8 (E.D. Cal. Apr. 3, 2018). Where a party understands the substance of the claim asserted, or can obtain the details through discovery, the motion need not be granted. Griffin v. Cedar Fair, L.P., 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011); see also Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("Motions for a more definite statement are viewed with disfavor, and are rarely granted."). However, "the judge may in [their] discretion . . . require such detail as may be appropriate in the particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting how confusing and unclear complaints impose unfair burdens on litigants and judges); see also Rule 8(d)(1) (requiring each allegation in a complaint be "simple, concise, and direct"). "If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

**DISCUSSION**

Because the primary problem with plaintiff's complaint is its overall lack of allegations, the court finds it more appropriate to resolve this motion under Rule 12(e), instead of under Rule 12(b)(6). Under either rule, however, the court would come to the same conclusion: that the current complaint contains insufficient factual allegations, and that plaintiff must amend the

complaint if he wishes to proceed with this suit. See O'Brien v. HII Ins. Sols., No. 2:20-CV-02115-KJM-AC, 2021 WL 1060398, at *7 (E.D. Cal. Mar. 19, 2021) (dismissing claims with leave to amend and noting that "[w]hether plaintiffs' contract claims are considered in light of Rule 12(b)(6) or Rule 12(e), the result is the same").

### A.     Analysis

This is an exceedingly minimal complaint. Although plaintiff may have adequately completed the form required to proceed with his case in state small claims court, he has not alleged sufficient facts to proceed in federal court. Now that the case has been removed to this court, far more factual information is required.

All that the complaint presently alleges is that ACB owes plaintiff some amount of money—perhaps $5,000, or perhaps less than $2,500—for somehow violating three sets of laws, likely based on a lending agreement of some sort. (ECF No. 1.2 at 4-5.) According to defendant's brief, ACB has records of plaintiff becoming a loan customer under one of its credit-builder loan programs in January 2021 and ultimately defaulting on the loan (ECF No. 6 at 3); but if this is indeed the basis of plaintiff's claims, then these sorts of factual details must appear in plaintiff's complaint. ACB is not required to guess at what facts might underlie plaintiff's complaint. See Isgar v. City of Bakersfield, No. 1:18-CV-0433 AWI JLT, 2018 WL 4944871, at *8 (E.D. Cal. Oct. 11, 2018) (granting Rule 12(e) motion "where the cause of action itself [was] unclear" because "[a] defendant should not have to guess at what claims are actually being asserted against him").

Although plaintiff references three sets of lending protection laws, it is unclear what specific causes of action he wishes to assert against ACB. In an effort to provide plaintiff an informed opportunity to amend the complaint, the court briefly addresses each of the referenced laws. First, it appears plaintiff may be referencing California's Predatory Lending Act, Cal. Fin. Code § 4970 et seq., which regulates lending practices related to home loans of certain types. Id. § 4973 (listing prohibited acts for covered loans), § 4970(d) (a "consumer loan" means a "consumer credit transaction that is secured by real property located in this state used, or intended

to be used or occupied, as the principal dwelling of the consumer that is improved by a one-to-four residential unit"); see Nero v. Evans, No. 09CV958-POR, 2011 WL 2680483, at *15-18 (S.D. Cal. July 8, 2011) (discussing criteria for covered loans). Thus, if plaintiff wishes to assert a violation of California's Predatory Lending Act, he must at a minimum allege that the loan at issue was a primary home loan.

The second reference is to the federal Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The TILA contains numerous provisions regarding required lending disclosures and practices for consumer credit transactions. However, the complaint does not specify which of the many different TILA provisions plaintiff believes ACB has violated in this case. Any amended complaint must allege which provision(s) of TILA defendant allegedly violated, how it violated the selected TILA provision(s), and when such violations took place.

Plaintiff's final reference is to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, which prohibits discrimination against credit applicants based on several protected grounds. 15 U.S.C. § 1691(a)(1) (prohibiting, among other things, discrimination based on "race, color, religion, national origin, sex or marital status, or age"). To state a claim for violation of the ECOA, a plaintiff must allege that he "(1) is a member of a protected class; (2) applied for credit; (3) was qualified for credit; and (4) was denied credit, despite being qualified." Colquitt v. Manufacturers & Traders Tr. Co., 144 F. Supp. 3d 1219, 1232 (D. Or. 2015). The current complaint contains no factual allegations explaining how plaintiff believes he was discriminated against by ACB so as to violate the ECOA.

Without any explanation of what harm(s) plaintiff is challenging in this complaint, it is impossible for ACB to reasonably prepare a response to the claims. Thus, if plaintiff wishes to move forward with this suit, he must amend the complaint to provide a more definite statement of the claims. See Swierkiewicz, 534 U.S. at 514 (Rule 12(e) applies when a "pleading fails to specify the allegations in a manner that provides sufficient notice"); Neveau, 392 F. Supp. 2d at 1169 (Rule 12(e) relief proper when responding party "is unable to determine how to frame a response to the issues raised by the complaint").

////

**B.      Standards for Amendment**

In order to assist plaintiff in preparing a sufficient complaint, the court is enclosing a blank copy of its standard form Complaint for a Civil Case. The court encourages, but does not require, plaintiff to submit a completed version of this form as his "First Amended Complaint."

Whether or not plaintiff uses the enclosed form, any amended complaint should include a general background facts section to orient the reader as necessary, and should include his statements for jurisdiction, venue, and relief sought. Most critically, any amended complaint must set forth specific causes of action, with specific statutory citations, in separate sections. Under each section, plaintiff must then list the specific factual allegations supporting that particular claim. (For brevity, plaintiff may refer to specific prior paragraphs.) For each claim, plaintiff must allege what specific conduct defendant engaged in, when the conduct occurred, and how the conduct harmed him. Plaintiff is welcome to use additional pages to explain these details, beyond the space provided in the complaint form; however, the statement of the claim should be kept relatively "short."

Plaintiff is cautioned that the court cannot refer to a prior complaint or other filing in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once an amended complaint is filed, the prior complaint no longer serves any function in the case.

If plaintiff determines that he is unable or unwilling to amend his complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion for a more definite statement (ECF No. 6), inaccurately filed as a motion to dismiss for lack of jurisdiction, is GRANTED;

////

////

2. The Clerk of Court is instructed to send plaintiff, in addition to a copy of this order, the court's form Complaint for a Civil Case;

3. **Within 30 days** of the date of this order, plaintiff shall file either:

    a. An amended complaint that complies with the above standards and instructions—using the enclosed form complaint, or using a self-drafted complaint that follows substantially the same format; or

    b. A notice of voluntary dismissal of the action; and

4. Failure to comply with this order will result in a recommendation that this case be dismissed with prejudice for failure to follow court orders, under Fed. R. Civ. P. 41(b).

Dated:  October 6, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.call.1484