UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND CALLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>AUSTIN CAPITAL BANK,<br><br>    Defendant. | No.  2:21-cv-01484-JAM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

This case was removed to this court from state small claims court on August 18, 2021.[1] (ECF No. 1.)  On August 25, 2021, defendant moved to dismiss the complaint for failure to state a claim, or in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e).  (ECF No. 6.)  The court invited plaintiff to file an amended complaint within 21 days of the motion, under Federal Rule of Civil Procedure 15(a)(1)(B), which would moot defendant's motion.  (ECF No. 8.)  However, plaintiff neither filed an amended complaint nor any opposition to defendant's motion.  The court took the motion under submission, and on October 6, 2021, the court granted the motion and ordered plaintiff within 30 days to file an amended complaint or a notice of voluntary dismissal.  (ECF No. 9 at 8.)  The order warned that failure to comply "will result in a recommendation that this case be dismissed with prejudice for failure to

---

[1] Because plaintiff is self-represented, the case is referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C § 636 and Local Rule 302(c)(21).

1

follow court orders, under Fed. R. Civ. P. 41(b)." (Id.)  The 30-day deadline has passed without receiving any filings from plaintiff.  Accordingly, the undersigned recommends dismissing this case with prejudice under Rule 41(b).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The court has weighed the five factors for determining whether to involuntarily dismiss a case and finds that dismissal is warranted.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  This case is being delayed by plaintiff's failure to prosecute, and defendant is being deprived of an opportunity to understand the claims against it and to prepare its defense.  The court has twice offered plaintiff opportunities to amend the complaint and move the case forward, and each time plaintiff has failed to respond in any way.  This leaves the court with little alternative but to recommend dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.call.1484